***NOT FOR PUBLICATION***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXIS COHEN, on behalf of Herself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>LTD FINANCIAL SERVICES, LP And JOHN DOES 1-15,<br><br>    Defendants. | Civil Action No.: 15-7422 (FLW)<br><br>OPINION |

**WOLFSON, District Judge:**

  This putative class action, brought by Plaintiff Alexis Cohen ("Plaintiff" or "Cohen") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), challenges Defendant LTD Financial Services, LP's ("Defendant" or "LTD") business practice with regard to its debt collection letters. Under Plaintiff's theory of liability, Defendant failed to inform consumers that by accepting and making monthly installment payments on a debt, which had been barred from suit under the applicable statute of limitations, would, under New Jersey law, revive the statute of limitations. Such a failure, Plaintiff claims, violates FDCPA under §§ 1692e, 1692e(10) and 1692(f). Presently, Defendant moves for judgment on the pleadings on those causes of action. For the reasons set forth below, Defendant's motion is **GRANTED**.

**BACKGROUND**

The following facts are derived from the Amended Complaint and taken as true. Prior to August 2015, Plaintiff allegedly incurred a personal debt to her creditor, Citibank. Am. Compl., ¶¶ 14-15. That debt was then assigned to, or purchased by, Advantage Assets II, Inc. ("ASII debt"). *Id.* at ¶ 19. On or about August 4, 2015, LTD sent Plaintiff a collection letter in an attempt to collect the ASII debt ("Debt-Collection letter").[1] *Id.* at ¶ 22.

The letter makes clear that it was sent from "LTD Financial Services, L.P., a debt collector[,]" and it is "an attempt to collect a debt" in the amount of $2,439.59. *See* Debt-Collection Letter dated August 4, 2015. The letter provides two different compromised payment plans upon which Plaintiff may choose to repay the debt:

> Payment Plan 1 - Make 1 payment of $609.90.
>
> Payment Plan 2 – Make 12 payments of $71.16 with the first payment due 8/31/2015. Successive payments are due the 31st of each month. [With an aggregate payment of $853.92.]

*Id.* The letter further states that "[a]cceptance of this settlement offer [by] selecting a repayment option and payment by the due date will satisfy this debt with the current creditor." *Id.* Importantly, under the payment plan options, the following language appears: "The law limits how long you can be sued on a debt. Because of the age of this account, you will not be sued for the debt." *Id.*

Based on the information set forth in the Debt-Collection letter, Plaintiff alleges that Defendant engaged in deceptive and unfair practices in violation of

---

[1] Plaintiff attached the Debt-Collection letter to the Amended Complaint.

2

FDCPA by failing to inform Plaintiff that by choosing Payment Plan 2 would restart the statute of limitations. Am. Compl., ¶ 27. In fact, Plaintiff alleges that Defendant regularly collects or attempts to collect outdated debt, but fails to disclose to consumers "the fact that monthly payments will reset the debt." *Id.* at ¶ 31. With those allegations, Plaintiff asserts two causes of action under the FDCPA: 1) violation of § 1692e(10) for using false or deceptive means to collect a debt; and 2) violation of § 1692f for using unfair or unconscionable means to collect a debt.

Presently, Defendant moves for judgment on the pleadings of the Amended Complaint.

## DISCUSSION

**I.     Standard of Review**

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings "after the pleadings are closed but within such time as not to delay trial." Fed. R. Civ. P. 12(c). The applicable standard on a motion for judgment on the pleadings is similar to that applied on a motion to dismiss pursuant to Rule 12(b)(6). *Spruill v. Gillis*, 372 F.3d 218, 223 n. 2 (3d Cir. 2004). When reviewing a motion made pursuant to Rule 12(c), a court must take all allegations in the relevant pleading as true, viewed in the light most favorable to the non-moving party. *Gomez v. Toledo*, 446 U.S. 635, 636 n.3 (1980); *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 253 (3d Cir. 2004). All reasonable inferences must be made in the non-moving party's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). "The motion

should not be granted 'unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law'." *Mele*, 359 F.3d at 253 (quoting *Leamer v. Fauver*, 288 F.3d 532, 535 (3d Cir. 2002)). Accordingly, in order to survive a motion for judgment on the pleadings, the non-moving party's pleading must provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This standard, like a motion to dismiss, requires the non-moving party to show "more than a sheer possibility that a defendant has acted unlawfully," but does not create as high of a standard as to be a "probability requirement." *Ashcroft*, 556 U.S. at 678.

## II.     Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act "is a consumer protection statute that prohibits certain abusive, deceptive, and unfair debt collection practices." *Marx v. Gen. Revenue Corp.*, __ U.S. __, 133 S. Ct. 1166, 1171 n.1 (2013) (citing 15 U.S.C. § 1692). By its terms, the purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors" while insuring that "debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged."  15 U.S.C. § 1692.

The statute creates a private right of action against debt collectors who fail to comply with its provisions. 15 U.S.C. § 1692k; *Marx*, 133 S.Ct. at 1171 n. 1; *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3rd Cir. 2006). To state a claim under the FDCPA, a plaintiff must establish that "(1) he or she is a 'consumer' who is harmed by violations of the FDCPA; (2) the 'debt' arises out of a

4

transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated, by act or omission, a provision of the FDCPA." *Grant v. JPMorgan Chase Bank*, No. 12-6248, 2013 U.S. Dist. LEXIS 51551at *2 (D.N.J. Apr. 10, 2013) (quoting *Berk v. J.P.Morgan Chase Bank*, N.A., No. 11-2715, 2011 U.S. Dist. LEXIS 109626, at *3 (E.D. Pa. Sept. 26, 2011) (citing 15 U.S.C. §§ 1692a-o)). Additionally, "[a] threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt'." *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1167 (3rd Cir. 1987). Here, for the purposes of this motion, Defendant does not challenge the first three factors needed to state a claim; Rather, Defendant argues that Plaintiff has failed to allege the fourth factor – that § 1692e or § 1692f of the FDCPA have been violated by Defendant's Debt-Collection letter.

In assessing debt communications, the Court bears in mind that the FDCPA is a remedial statute, and its language must be construed broadly to protect consumers. *Brown*, 464 F.3d at 453. For this reason, the Third Circuit has stated that "certain communications from lenders to debtors should be analyzed from the perspective of the 'least sophisticated debtor'." *Id.* This standard "requires more than simply examining whether particular language would deceive or mislead a reasonable debtor because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor." *Id.* at 454. The least sophisticated debtor standard is intended to "protect[] naive consumers, [but] it also prevents liability

5

for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000); *Safdieh v. P & B Capital Grp., LLC*, No. 14-3947(FLW), 2015 U.S. Dist. LEXIS 61680, at *6 (D.N.J. May 12, 2015).

**Count I - Section 1692e**

Section 1692e of United States Code Title 15 prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." The statute includes a non-exhaustive list of conduct which constitutes a violation of the section, including "(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Under § 1692e, "[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Brown*, 464 F.3d at 455.

Here, with regard to Plaintiff's alleged ASII debt, the Debt-Collection letter made clear that the debt was time barred by the applicable statute of limitations. *See* Debt-Collection letter ("Because of the age of this account, you will not be sued for the debt."). In that respect, Plaintiff alleges that Defendant violated § 1692e(10) by failing to disclose to the consumer that a monthly payment option of $71.61 would reset the statute of limitations, "thereby giving the Defendant the option of commencing legal action, which otherwise would be barred by same." Am. Compl., ¶ 40.

Defendant seeks to dismiss Count I on two separate bases. First,

6

Defendant argues that it is not a violation of the FDCPA to attempt to collect a time-barred debt.  Defendant then goes on to support its position by citing to well-settled case law.  Indeed, the Third Circuit has held that it is not a violation of the FDCA when a debt collector attempts to collect upon a "false debt" so long as it "does not initiate or threaten legal action in connection with its debt collection efforts."  *See Huertas v. Galaxy Asset Management*, 641 F.3d 28, (3d Cir. 2011).   Critically, however, Defendant's argument, in this regard, misconstrues Plaintiff's factual basis underlying Count I.  Plaintiff does not seek liability under the Act for Defendant's attempt to collect an outdated debt.  Rather, Plaintiff challenges Defendant's omission of the fact that by accepting to repay the time-barred debt in monthly installments, the statute of limitations would began anew, such that Defendant could bring a legal action against Plaintiff that otherwise would be precluded.  Moreover, Plaintiff does not seek to challenge Defendant's statement that it was collecting on a time-barred debt.  *See* Debt-Collection Letter ("The law limits how long you can be sued on a debt.  Because of the age of this account, you will not be sued for the debt.").  Indeed, in connection with that statement, Plaintiff has not alleged that Defendant misrepresented the legal status of the ASII Debt at the time the Debt-Collection Letter was sent.

     The resolution of Plaintiff's claim turns on whether agreeing to pay monthly installment of a debt that is less than the original amount would restart the statute of limitations on the ASII Debt, such that Defendant would have the right to sue Plaintiff on any amount of that debt, including the compromised

amount. I answer that in the negative.

To begin, debt collection actions in New Jersey are governed by N.J.S.A. 2A:14-1, which allows a party to commence an action "for recovery upon a contractual claim or liability" within six years of the date of accrual of the cause of action. N.J.S.A. 2A:14-1. "A cause of action based upon a money obligation which is payable on demand is deemed to accrue at the time of the loan." *Denville Amusement Co., Inc. v. Fogelson*, 84 N.J. Super. 164, 169 (App. Div. 1964). In New Jersey, however, a debt does not extinguish upon the expiration of the statute of limitations; rather, it merely renders it "unenforceable in a court of law." *Huertas*, 641 F.3d at 32 (citing *R.A.C. v. P.J.S., Jr.*, 192 N.J. 81 (2007)). In the context of the FDCPA, the Third Circuit has advised that, in a situation when "the expiration of the statute of limitations does not invalidate a debt, but merely renders it unenforceable, the FDCPA permits a debt collector to seek voluntary repayment of the time-barred debt so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts." *Huertas*, 641 F.3d at 32-33.

In the context of contractual debts in New Jersey, "a statute of limitations which applies to a presently existing contractual debt or obligation may be tolled by an acknowledgement or a promise to pay." *Burlington County Country Club v. Midatlantic Nat'l Bank South*, 223 N.J. Super. 227, 234 (Ch. Div. 1987); *Peck v. Donovan*, 565 Fed. Appx. 66, 71 n.3 (3d Cir. 2012)(construing New Jersey law). If such acknowledgment or promise to pay is made after the statute has run, it will act to revive the debt for the statutory period. *See Burlington County*, 223

8

N.J. Super. at 234.  Significantly, however, the statute of limitations would only restart if the acknowledgment is unconditional and in a signed writing.  *Id.* at 234-35; *Rubinsky v. Zayat*, 2015 U.S. Dist. LEXIS 72100, at *4 (D.N.J. June 4, 2015) (citing N.J.S.A. 2A:14-24).[2]  Moreover, that acknowledgment must support the "implication of a promise to pay the *full* amount due immediately or on demand . . . ." *Burlington County*, 223 N.J. Super. at 235 [emphasis added].

In that connection, "[p]ayment of or on account of a debt or obligation may also toll or revive the statute of limitations, thereby extending it for the statutory period from the time of such payment." *Id.* at 235 (citing *Fidelity Union Trust Co. v. Fitzpatrick*, 134 N.J.L. 250, 252 (E. & A. 1946).  Thus, partial payment made after the statutory period has run may revive the statute, but only if two requirements are met: 1) that the payment was partial; and 2) an act of declaration which establishes the debtor's recognition of, and intention to pay, the *entire* claim.   *Id.* at 235 (emphasis added); *Trenton Banking Co. v. Rittenshouse*, 96 N.J.L. 450, 452 (E. & A. 1921); *Genova v. Total Card, Inc.*, No. 16-1260, 2016 U.S. Dist. LEXIS 74396, at *18 (D.N.J. Jun. 2, 2016).  Mere payment is not enough, nor is an intention to make partial payments.  *P.F.I., Inc. v. Kulis*, 363 N.J. Super. 292, 297 (App. Div. 2003).

Here, even if Plaintiff had chosen to pay the monthly installments to satisfy

---

[2]   N.J.S.A. 2A:14-24 states, "[i]n actions at law grounded on any simple contract, no acknowledgment or promise by words only shall be deemed sufficient evidence of a new or continuing contract, so as to take any case out of the operation of this chapter, or to deprive any person of the benefit thereof, unless such acknowledgment or promise shall be made or continued by or in some writing to be signed by the party chargeable thereby."

9

the settlement amount of $853.92, under New Jersey law, Plaintiff would not have reset the statute of limitations. In the Debt-Collection Letter, Plaintiff was offered to save on the entire amount of $2,439.59, allegedly owed to the original creditor, in two different ways. First, Plaintiff may select to pay one payment of $609.90, which would yield a savings of $1,829.69. Plaintiff may also choose a 12-month installment payment plan, whereby Plaintiff makes monthly payments of $71.16; this would save Plaintiff a total of $1,585.67. Both options would relieve Plaintiff from further obligations on the alleged debt, and importantly, it did not obligate Plaintiff to make any declaration which establishes her recognition of, and intention to pay, the entire debt. Indeed, by agreeing to pay the settlement amount, Plaintiff would not have admitted — in writing — that she owed the full ASII Debt nor would Plaintiff have been required to pay the full ASII Debt. Ultimately, Plaintiff's payments, under either option, would only demonstrate her acknowledgement of a settlement amount, not the entire debt – which is a requirement under New Jersey law to reset a statute of limitation on a time-barred debt. Thus, to be clear, Plaintiff's monthly payments would not reset the clock on Defendant's right to sue for any amount on the debt.

Indeed, it makes logical sense that a partial settlement of a "time-barred debt does not automatically revive the statute of limitations because it is not a recognition of, and promise to pay, the full debt." *Genova*, 2016 U.S. Dist. LEXIS 74396, at *19; *see DVL, Inc. v. Mutnick*, 103 F. Supp. 2d 293, 295-96 (S.D.N.Y. 2000) (class action settlement regarding expired note did not revive New Jersey statute of limitations on claims regarding the note, N.J.S.A. 2A:14-1, because

settlement did not include a "new promise to pay the full amount of the debt immediately or on demand") (citations omitted), *aff'd* 5 Fed. Appx. 46 (2d Cir. 2001); *Bassett v. Christensen*, 127 N.J.L. 259, 261 (E. & A. 1941) (debtor's written acknowledgment of full amount of debt did not revive New Jersey statute of limitations on creditor's claim, N.J.S.A. 2A:14-1, because the acknowledgment was not accompanied by "promise to pay at once or on demand"); *Howell v. Wallace*, 18 N.J. Misc. 48, 51-52 (Cir. Ct. 1939) (finding that debtor's offer to settle an alleged debt did not revive the statute of limitations because the offer was for a partial payment and did not constitute an acknowledgement of the entire alleged debt).

Having failed to cite to relevant case law on this subject, Plaintiff argues that two unpublished New Jersey Appellate Division cases support her position: *Santiago v. Villoresi*, No.A-6063-05T5, 2007 N.J. Super. Unpub. LEXIS 1793 (N.J. App. Div. Jun. 22, 2007) and *Campanella v. Estate of Henry Corrandino*, No. A-0493-05T5, 2007 N.J. Super. Unpub. LEXIS 1617 (N.J. App. Div. Feb. 2, 2007). But, these decisions are not helpful to Plaintiff, because both stand for the same legal propositions that this Court has explained, *supra*. In fact, these Appellate Division opinions cite largely to the same state authorities upon which this Court has relied. And, neither case involved settlement of debts or partial payments. Thus, Plaintiff's reliance on these cases is misplaced.

Finally, Plaintiff points to a recent oral decision in *Fackina v. RJM Acquisitions, LLC*, 14-cv-6532 (D.N.J. May 4, 2015), wherein a court in this district found, based on a similar payment plan offer in a debt-collection letter,

11

that a violation of the FDCPA exists when a debt-collector fails to inform consumers that by making a partial payment on a debt settlement would revive an otherwise time-barred debt. I disagree with that court's holding. As I have explained above, based on the operation of New Jersey law, Plaintiff's acceptance of a debt settlement by making monthly payments, simply does not restart the statute of limitations. In fact, just this past month, another New Jersey district court in *Genova*, in a written opinion, extensively analyzed New Jersey's case law on this issue, and it came to the same conclusion as the one I have drawn here. *Genova*, 2016 U.S. Dist. LEXIS 74396, at *16.

Accordingly, under New Jersey law, Defendant was not required to inform consumers that the statute of limitations would reset upon making the first monthly payment, because the partial settlement payments would not have revived the time-barred debts. Thus, nothing that Plaintiff has alleged in the Debt-Collection letter was false, deceptive, or misleading regarding the potential legal status of the ASII debt. Count I is dismissed.

**Count II - § 1692f**

In this Count, Plaintiff alleges that Defendant's debt collection efforts "attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including . . . 15 U.S.C. § 1692f," Am. Compl., ¶ 43, because Defendant employed "unfair or unconscionable means to collect . . . any debt." *Id.* at ¶ 44. As the wrongful conduct, Plaintiff alleges that "Defendant violated said section by not disclosing to the consumer that a monthly payment option . . . would reset the statute of limitations of the alleged debt, thereby giving the

12

Defendant the option of commencing legal action, which otherwise would be barred by same." *Id.* at ¶ 45.  For the same reasons that I have just found Plaintiff's pleading did not state a claim under § 1692e(10), I find that Plaintiff has likewise failed to state a claim under § 1692f.[3]

Accordingly, Defendant's motion is **GRANTED** and Plaintiff's claims are dismissed.

DATED:  July 14, 2016

/s/    Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.

---

[3]  Although Defendant is permitted to collect debts that are time-barred in this circuit, in my view, as a public policy matter, it may not be a preferred business practice from the consumers' perspective.  *See McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014).

13